IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 25, 2012 at Knoxville

## STATE OF TENNESSEE v. WALTER LAVAR WRIGHT

**Appeal from the Circuit Court for Bedford County**
**Nos. 16350 & 16352      Robert Crigler, Judge**

**No. M2011-01904-CCA-R3-CD - Filed August 10, 2012**

The defendant, Walter Lavar Wright, pleaded guilty to two counts of sale of .5 grams or more of cocaine and one count of possession with the intent to sell .5 grams or more of cocaine and received a Range I sentence of nine years' incarceration. Following the successful completion of "boot camp," the defendant was placed on probation. On January 20, 2011, a probation violation warrant issued alleging that the defendant violated the terms of his release by garnering a new arrest, failing to report to his probation officer, failing to maintain employment, and failing to pay fines and costs. At the hearing, the defendant admitted to many of the allegations. The trial court revoked the defendant's probation and ordered him to serve his sentence in confinement. In this timely appeal, the defendant claims that the trial court erred in ordering him into confinement. Because the record supports the trial court's order, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, for the appellant, Walter Lavar Wright.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the July 18, 2011 revocation hearing, the defendant "pleaded" to the violation of probation warrant and admitted that he failed to report to his probation officer.

He explained that he was "homeless" following his December 2010 arrest for theft of services from a local utility company. He claimed, however, that someone else living in his home was responsible for the utility bill. He testified that, following his arrest, he lived with his girlfriend in Nashville without permission of his probation officer but did not have the means to travel to meet his probation officer. He asked the trial court to return him to probation.

On cross-examination, the defendant acknowledged that he failed to report the arrest to his probation officer, failed to provide proof of employment to his probation officer, failed to provide a forwarding address to his probation officer, and failed to meet with his probation officer for almost one year. Likewise, he admitted that he owed $305 for probation fees and had paid only $30 toward his $6,000 in fines.

The defendant's probation officer, Amy Stewart, testified at the revocation hearing and affirmed the defendant's admissions concerning his many shortcomings in complying with the terms of release. She stated that she had not seen or heard from the defendant since August 6, 2010.

The trial court ordered the defendant to serve his sentence in incarceration based upon its findings that the defendant failed to report to his probation officer for almost one year, moved to Nashville without permission, failed to report the theft of services arrest, and failed to pay his fines and probation fees. The court commented, "So, obviously if you are going to get the benefit of boot camp you ought to take advantage of it and report to your probation officer."

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or

otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

In the present case, the trial court determined that the State established by a preponderance of the evidence multiple violations of the terms of probation, and the record supports these determinations. Therefore, revocation of probation was unquestionably justified.

Furthermore, the court expressed concern about the defendant's inability to comply with the most basic terms of his release after being granted the largesse of a probationary sentence via the boot camp program. The record supports the trial court's determinations, and we cannot conclude that the trial court abused its discretion in ordering the defendant to serve his sentence in confinement.

Accordingly, the order of the circuit court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE